## IN THE SUPERIOR COURT OF GUAM:

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0185-22 |
| vs. | DECISION AND ORDER DENYING DEFENDANT'S RELEASE ON PERSONAL RECOGNIZANCE |
| ANDREW VELASCO TOVES, ~~aka ANDREW V. TOVES, aka ANDREW TOVES,~~ *or* | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. on September 26, 2022 for a hearing on Defendant Andrew Velasco Toves's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance. Defendant was present via Zoom and represented by Attorney William Pole. The People of Guam (the "People") were represented by Assistant Attorney General David Rivera. The Court ruled from the bench DENYING Defendant's Motion for Release on Personal Recognizance. The Court now issues this Decision and Order to memorialize its ruling and to comply with 8 GCA § 40.50(a).[1]

### BACKGROUND

In CF0185-22, Defendant is charged with AGGRAVATED ASSAULT (as a 3rd Degree Felony) and RECKLESS DRIVING (as a Petty Misdemeanor). Indictment (Apr. 1, 2022). According to Guam Police Department Officers C. Champion, A. Fabila, and J. Tagawa., Defendant was driving a Toyota Camry with no front license plates in the Tumon

---

[1] The statute requires "Unless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

area. Decl. of J. Basil O'Mallan III (Mar. 26, 2022). When officers attempted to initiate a traffic stop, defendant made a quick U Turn and sped off. *Id.* Despite being chased by police cars with sirens and emergency lights activated, Defendant refused to pull over. *Id.* During the course of the chase, Defendant drove the Camry into on-coming lanes on Marine Corps Drive several times, forcing traffic to swerve to avoid collisions. *Id.* Defendant led police throughout Tumon, Tamuning, Harmon, Dededo and Yigo before ending up driving on Route 15 (the back road to Anderson). *Id.* While speeding on Route 15, Defendant began ramming his vehicle into the patrol car occupied by Officers Champion and Tagawa. *Id.* As a result of the ramming, Officer J. Tagawa ("Victim") sustained injuries to his neck. *Id.*

At the time of the alleged crime, Defendant was on Probation as a result of his guilty plea in CF0321-21. Defendant is confined pending the posting of ten thousand dollars ($10,000) cash bail. Commitment Order (Mar. 26, 2022). Defendant filed the instant motion on June 28, 2022. The People did not file a written opposition, but noted their oral opposition during the Motion hearing.

## DISCUSSION

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or *will endanger the safety of any other person or the community*." (Emphasis added). In making such a determination, the Court is guided by the following factors:

(1) *the nature of the offense charged*, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
(A) length of his/her residence on Guam;
(B) his/her employment status and history, and financial condition;
(C) his/her family ties and relationships;
(D) his/her reputation, character, and mental and physical condition;
(E) *his/her prior criminal record*, if any, including any *record of prior release on recognizance or on bail*;
(F) his/her history relating to drug or alcohol abuse;
(G) the identity of the reasonable members of the community who will vouch for his/her reliability;

(H) whether, at the time of the current offense or arrest, he/she *was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense* under federal, state or local law; and

(I) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;

(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) lethality risk assessments or other *risk assessments deemed appropriate by the Judiciary of Guam*; and

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

Defendant proffers he does not have the means to pay the requested cash bail and is thus seeking release on his own recognizance and house arrest. According to Defendant, he has no financial means to leave Guam. Defendant offers that while the charges are serious; at this point they are only allegations, and the Court has the authority to release the Defendant on his personal recognizance with a curfew or additional restrictions as required.

The People on the other hand argued at hearing that the nature of the offense charged is one of violence. They further point to the fact that he was on probation when the crime in this case was originally committed.

Defendant is accused of aggravated assault. The Court is concerned that if Defendant were released, he may pose a risk to commit other violent acts. This is evidenced by the Indictment in this case, wherein the People allege that Defendant used the car he was driving to ram a police vehicle causing injury to an officer. Furthermore, Defendant appears to be on Parole for CF0321-21. Pursuant to his Parole conditions in that case, Defendant was ordered to obey all the laws of Guam. The Court is concerned that Defendant may have violated his release conditions in the prior case and that he may therefore be unlikely to comply with Pre-trial Release conditions in the instant case. Additionally, Defendant's ORAS (Ohio Risk Assessment System) score is MODERATE. Thus, according to Guam's Pre-trial Release risk forecasting system, Defendant poses a medium risk of failing to re-appear in court while on Pre-trial Release. Accordingly, the Court is not convinced that Defendant will appear as required or will comply with the Court's orders.

Based on the information provided to the Court, especially the violent nature of the offense charged and Defendant's failure to abide by parole conditions, and upon the Court finding no substantial change to any of the conditions that were before the Magistrate Judge setting the bail at $10,000, and that such conditions are the least onerous conditions at this time, the Court therefore DENIES Defendant's Motion for Release.

<u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion for Release on Personal Recognizance is hereby DENIED.

**SO ORDERED this** _____ **day of October, 2022.** Nunc Pro Tunc September 26, 2022

HONORABLE BENJAMIN C. SISON, JR.
Magistrate Judge, Superior Court of Guam